UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN J. CULLEN and VERONICA JULIANO,

                              Plaintiffs,

        -v-

CITIBANK, N.A.,

                              Defendant.

---

Case No. 08-CV-10317 (KMK)
Case No. 08-CV-10318 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Plaintiffs John J. Cullen ("Cullen") and Veronica Juliano ("Juliano"), (collectively, "Plaintiffs"), proceeding pro se, bring this combined action against Defendant Citibank, N.A., ("Citibank" or "Defendant"). Cullen alleges that Citibank terminated his employment unlawfully in violation of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, and in violation of Citibank's own policy prohibiting retaliation against employees who make good faith reports of wrongdoing. Additionally, Cullen asserts claims against Citibank for defamation, discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and entitlement to additional pension benefits. Finally, Cullen claims that his acquiescence in signing a Separation Agreement, which released Citibank of liability for any claims arising from Cullen's employment, was procured through duress.

Juliano asserts claims against Citibank for gross negligence in assigning her primary responsibility for administering complex trusts that she was unqualified to handle. Additionally, Juliano alleges that Citibank retaliated against her in violation of federal banking regulations and trust banking audit practices, discriminated against her in violation of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and wrongfully terminated her employment.

Citibank moves to dismiss the Amended Combined Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated herein, Defendant's Motion to Dismiss the Amended Complaint is granted.

## I.  Background

### A. Facts

The Court assumes the following facts, as alleged in the Amended Complaint, to be true for the purposes of the Motion to Dismiss.  Plaintiffs were both employed by Citibank in its trust division, Cullen as a Trust Officer and Juliano as an Assistant Trust Officer, and, later, a Trust Officer herself.  (Am. Compl. 1.)[1]  Throughout the period that Cullen was employed with Citibank, from 1994 through 2007, the Amended Complaint alleges that there were numerous instances of trust mismanagement of which Cullen became aware and that his repeated attempts to report the alleged wrongdoing were impeded by his supervisors.  (*Id.* at 2-4.)  Cullen further alleges that his employment was terminated by Citibank in retaliation for his attempts to report professional misconduct, in violation of SOX and Citibank's own policy prohibiting retaliation for good faith reports of wrongdoing within the company.  (*Id.* at 2.)  Cullen also alleges that he was terminated in part based on his age, as he was one of the six employees over the age of 60 who were terminated on November 28, 2007.  (*Id.*)  After his termination, Cullen was removed from the building in plain view of his co-employees, and he alleges that his co-employees continued to discuss the circumstances surrounding his termination well after he was let go.  (*Id.*. at 2-3.)  Finally, Cullen alleges that after his termination, Citibank unlawfully altered the formula

---

[1] Because the Amended Complaint does not have enumerated paragraphs, the Court will refer to page numbers when describing the allegations contained therein.

through which pension benefits are calculated in Citibank's Pension Plan and that Cullen is entitled to additional pension benefits which have been unlawfully withheld from him. (*Id*. at 4-5.)

Juliano alleges that when she was promoted from Assistant Trust Officer to Trust Officer, she was woefully underqualified, and therefore Citibank acted with gross negligence in placing her in a position which she was not properly trained to handle. (*Id.* at 5-6.) Juliano also alleges that she witnessed at least one instance of trust mismanagement, and that she faced resistance when she attempted to report wrongdoing by Citibank employees. (*Id.* at 7.) Specifically, she claims that she was retaliated against for attempting to report violations by Citibank employees. (*Id.*) Juliano also claims that during her tenure as a Trust Officer, she verbally abused by several of her superiors, who were allegedly aware of the fragile mental state she was experiencing from the stress of her new and demanding responsibilities, in violation of the ADA. (*Id.* at 7-8.) She claims that she was ultimately wrongfully terminated, both because she was given no notice of termination and because she was on paid disability leave at the time of her termination. (*Id*. at 8.) Juliano asserts that she is entitled to severance pay which she has not received to date. (*Id.*)

B. Procedural History

Cullen initially filed three separate complaints in state court in November and December 2008, and, after removal to federal court by Citibank, amended two of those complaints before this Court on May 19, 2009. (08-CV-10317, Dkt. No. 20; 08-CV-10318, Dkt. No. 18.)[2] Juliano

---

[2] Because Plaintiffs initially filed suit against Defendant in two separate actions, each with its own docket number, the Clerk of the Court was directed to consolidate the actions, with one of the actions to be terminated. After consolidation, neither action was terminated, and so the Amended Complaint and all subsequent filings and motions have been filed under both docket numbers. The Court's discussion in this Opinion applies to the motions in both actions, which are identical. Where necessary, the Court will specify the case to which a given docket

initially filed a separate lawsuit in state court on March 31, 2009.  That suit was removed to

federal court, but was subsequently remanded to state court on June 17, 2009, for lack of subject

matter jurisdiction.  Plaintiffs joined their claims in an Amended Complaint in this Court, filed

on August 10, 2009.  (08-CV-10317, Dkt. No. 23; 08-CV-10318, Dkt. No. 22.)  The pending

Motion to Dismiss the Amended Complaint in each case was filed on September 11, 2009.  (08-

CV-10317, Dkt. No. 25; 08-CV-10318, Dkt. No. 23.)  Plaintiffs, in addition to opposing the

Motion to Dismiss, have filed a motion seeking leave to file a Second Amended Complaint.  (08-

CV-10318, Dkt. No. 27.)

## II. Discussion

### A. Standard of Review

"On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's

factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor."  *Gonzalez

v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Ruotolo v. City of New York*,

514 F.3d 184, 188 (2d Cir. 2008) ("We review *de novo* a district court's dismissal of a complaint

pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all

reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)).  "In

adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated

on the face of the complaint, in documents appended to the complaint or incorporated in the

complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v.

Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

number applies.

factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in
original) (internal citations omitted).  Instead, the Supreme Court has emphasized that "[f]actual
allegations must be enough to raise a right to relief above the speculative level," *id.*, and that
"once a claim has been stated adequately, it may be supported by showing any set of facts
consistent with the allegations in the complaint," *id.* at 563.  A plaintiff must allege "enough
facts to state a claim to relief that is plausible on its face." *Id.* at 570.  If a plaintiff "ha[s] not
nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must
be dismissed." *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining
whether a complaint states a plausible claim for relief will . . . be a context-specific task that
requires the reviewing court to draw on its judicial experience and common sense.  But where
the well-pleaded facts do not permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled
to relief.'" (alteration in original) (internal citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its
consideration to facts stated on the face of the complaint, in documents appended to the
complaint or incorporated in the complaint by reference, and to matters of which judicial notice
may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal
quotation marks omitted).  "The court may . . . consider matters of which judicial notice may be
taken, even if the corresponding documents are not attached to or incorporated by reference in
the complaint." *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005); *see
also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding that district court

properly took judicial notice of public documents filed with the SEC).  In the motion to dismiss context, however, a court should generally take judicial notice "to determine what statements [the documents] contain[] . . . not for the truth of the matters asserted."  *Kramer*, 937 F.2d at 774.

Finally, "[i]t is well-established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).  However, even a pro se party is not exempt from "compliance with relevant rules of procedural and substantive law."  *Id.* at 477.

### B. Analysis

#### 1. Cullen's Retaliation Claim

Cullen asserts that Citibank retaliated against him by terminating his employment in response to his good faith attempts to report wrongdoing, in violation of both SOX and Citibank's own policy prohibiting such retaliation.  Before an employee can bring a SOX retaliation claim in federal court, the employee must file a complaint with the Occupational Safety and Health Administration ("OSHA"), and allow OSHA to evaluate the claims.  *See* 18 U.S.C. § 1514A(b)(1); *Willis v. Vie Fin. Grp., Inc.*, No. 04-CV-435, 2004 WL 1774575, at *3 (E.D. Pa. Aug. 6, 2004).[3]  The employee must file the administrative complaint within 90 days after a violation of SOX.  *See* 18 U.S.C. § 1514A(b)(2)(D).  If OSHA fails to issue a final administrative decision within 180 days of the filing, the employee may initiate an action in

---

[3] Though the statute requires that the administrative complaint is to be filed with the Secretary of Labor, the Secretary has delegated this responsibility to OSHA.  *See* 29 C.F.R. § 1980.103(c).

federal court.  *See* 18 U.S.C. § 1514A(b)(1)(B); *Willis*, 2004 WL 1774575, at *3.

"A federal district court 'can only conduct a de novo review of those [SOX whistleblower] claims that have been administratively exhausted.'" *Fraser v. Fiduciary Trust Co. Int'l*, No. 04-CV-6958, 2005 WL 6328596, at *6 (S.D.N.Y. June 23, 2005) (alteration in original) (quoting *Willis*, 2004 WL 1774575, at *6) (internal quotation marks omitted).  If, however, the employee fails to follow these administrative requirements, or plead that he did so, he may not bring a federal action.  Simply put, a court lacks jurisdiction unless these requirements are met.  *See Trusz v. UBS Realty Investors*, No. 09-CV-268, 2010 WL 1287148, at *4 n.2 (D. Conn. Mar. 31, 2010) (noting that "federal court jurisdiction" for SOX claims is "tied to" the "administrative review requirement"); *Lebron v. Am. Int'l Grp., Inc.*, No. 09-CV-4285, 2009 WL 3364039, at *6-7 (S.D.N.Y. Oct. 19, 2009) (noting the jurisdictional requirement of exhaustion of SOX claims).  Because Cullen has not pled this requisite jurisdictional step, the Court dismisses this claim.  *See Fraser*, 2005 WL 6328596, at *6 (dismissing SOX claim for failure to file administrative complaint); *accord Nieman v. Nationwide Mut. Ins. Co.*, No. 09-CV-3304, 2010 WL 1445189, at *8 (C.D. Ill. Apr. 8, 2010) (noting the jurisdiction requirement); *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003) (same).

With respect to Cullen's retaliation claim based on Citibank's internal policies, which is at best a breach of contract claim based on state law, New York courts have held that "a failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim, unless, *inter alia*, mutual assent to enter into an implied-in-fact contract is shown."  *Daniel v. Long Island Hous. P'ship, Inc.*, No. 08-CV-1455, 2009 WL 702209, at *10 (E.D.N.Y. Mar. 13, 2009) (citing *Maas v. Cornell Univ.*, 721 N.E.2d 966 (N.Y. 1999)).  The Court finds that Cullen has not alleged any facts demonstrating assent by Citibank to be bound by the terms of its

internal policies as an implied-in-fact contract.  In fact, the relevant document–Citibank's

Compliance Guide and Resource Directory ("Guide")–contains language to the contrary.[4]  For

example, it states that it is "considered current as of the date of publication," and that it is "only

intended to give the reader a *general awareness*" of the various laws and regulations that

employees might encounter.  (Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def.'s

Mem.") Ex. A, at 1 (emphasis in original).)  This is not contractual language and makes

implausible any claim that Citibank intended to be bound by the terms of the Guide.

Accordingly, no contractual relationship, express or implied, was formed on the basis of

Citibank's internal policies.  Thus, Cullen has failed to state a claim on this cause of action.

## 2. Cullen's Age Discrimination and Defamation Claims

Cullen asserts that Citibank terminated his employment in violation of the ADEA.

Individuals alleging discrimination on the basis of age are required to file such claims with the

Equal Employment Opportunity Commission ("EEOC") "within 180 days after the alleged

unlawful practice occurred."  29 U.S.C. § 626(d)(1)(A); *see also Ford v. Bernard Fineson Dev.

Ctr.*, 81 F.3d 304, 307 (2d Cir. 1996) (citing, inter alia, 29 U.S.C. § 626(d)(1)).  Among other

things, a plaintiff must file a grievance with the EEOC identifying the illegal conduct and

naming the employer.  *See Spruill v. NYC Health & Hosp.*, No. 06-CV-11362, 2007 WL

2456960, at *2 (S.D.N.Y. Aug. 23, 2007).  To be sure, a failure to exhaust the EEOC process is

not a jurisdictional defect, *see Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006), and is, in

---

[4] This Court may properly consider the Guide for purposes of this Motion to Dismiss
because Plaintiff cited to and relied upon it in the Amended Combined Complaint, and several
portions of it were attached as exhibits to the Amended Complaint.  *See ATSI Commc'ns, Inc. v.
Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (stating that when ruling on a Rule 12(b)(6)
motion, a court may consider "any written instrument attached to the complaint" or "statements
or documents incorporated into the complaint by reference").

fact, waivable, *see Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 444 (2d Cir. 2006).

However, the "filing of a timely charge with the EEOC is a statutory prerequisite to . . . ADEA

claims." *Wells v. Mt. Vernon Hosp.*, No. 01-CV-9129, 2002 WL 1561099, at *2 (S.D.N.Y. July

15, 2002); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir.

2001) ("Under both Title VII and the ADEA, a claimant may bring suit in federal court only if

she has filed a timely complaint with the EEOC . . . ."); *id.* ("Exhaustion of administrative

remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory

schemes and, as such, a precondition to bringing such claims in federal court."); *Anderson v.*

*Derby Bd. of Educ.*, – F. Supp. 2d – , 2010 WL 2465431, at *5 (D. Conn. June 18, 2010)

("Under the ADEA, a claimant may bring suit in federal court only if he has filed a timely

complaint with the EEOC and obtained a right-to-sue letter.").  Therefore, dismissal for a failure

to exhaust is "properly characterized as a dismissal for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6)," *McInerny v. Rensselaer Polytechnic Inst.*, 505 F.3d

135, 138 (2d Cir. 2007).

  Here, Cullen has made no allegation that he filed an administrative claim of any kind in

this case, or otherwise has exhausted the administrative remedies required to bring his ADEA

claim.  Nor has he proffered in his response to Defendant's motion, that he, in fact, filed any

such administrative grievances related to his claim of discrimination under the ADEA.  Under

these circumstances, Defendant's motion to dismiss Cullen's ADEA claim is granted, but

without prejudice to permit Cullen to amend the Amended Complaint to allege satisfaction of the

exhaustion requirements of the ADEA.  *See Crisci-Balestra v. Civil Serv. Emps. Ass'n*, No. 07-

CV-1684, 2008 WL 413812, at *5, *7 (E.D.N.Y. Feb. 13, 2008) (dismissing ADEA claim

because pro se plaintiff failed to establish in her complaint she had filed administrative claim

with the EEOC, but permitting plaintiff to file an amended complaint); *Bey v. Welsbach Electric Corp.*, No. 01-CV-2667, 2001 WL 863419, at *3 (S.D.N.Y. July 30, 2001) (dismissing Title VII claim where pro se plaintiff failed to allege in his complaint even an attempt to administratively exhaust his claim); *Ruderman v. Police Dep't of N.Y.C.*, 857 F. Supp. 326, 330-31 (S.D.N.Y. 1994) (dismissing ADEA claim where the plaintiff failed to include any administrative claims that he filed with the EEOC); *Paladines v. Poulos*, No. 93-CV-9031, 1994 WL 389022, at *2 (S.D.N.Y. July 22, 1994) (granting motion to dismiss ADEA claim and noting that while equitable considerations may excuse untimely filing of administrative claim, courts "will not entertain claims under the ADEA" where "*no* EEOC filing has been made") (emphasis in original); *Vesey v. Grover*, 780 F. Supp. 991, 993 (W.D.N.Y. 1992) (dismissing plaintiff's ADEA claim for failure to file a discrimination charge with the EEOC).

Cullen's defamation claim also fails to state a cause of action.  "[U]nder New York Law, [a defamation] plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused special damages."  *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (internal quotation marks omitted).  "In assessing whether a defamation claim has been plead with sufficient particularity, courts look to whether said complaint references the allegedly defamatory statement, identified who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether it was made to a third party."  *Bloom v. Fox News of L.A.*, 528 F. Supp. 2d 69, 74 (E.D.N.Y. 2007); *see also Mills v. Miteq, Inc.*, No. 06-CV-752, 2008 WL 350922, at *2 (E.D.N.Y. Feb. 7, 2008) (dismissing plaintiff's defamation claim after noting that, in order for such a claim to be viable, the

10

complaint must include "the particular words complained of and the person or persons to whom the alleged defamatory comments were made" (internal quotation marks omitted)).

The Amended Complaint alleges that some "Citibank employees and one of its lawyers were overheard" making defamatory statements about Cullen "at parties," including that he is a "lier" [sic] and that he "went nuts." (Am. Compl. 3.) However, Cullen's allegations do not specifically identify the sources of these statements; rather, he states only that they were made "at parties" by unidentified Citibank employees. (*Id.*) Nor does Cullen identify to whom the allegedly defamatory statements were made and when exactly these statements were made. These allegations are insufficient. *See Amar v. Hillcrest Jewish Ctr.*, No. 05-CV-3290, 2009 WL 891795, at *7 (E.D.N.Y. Mar. 31, 2009) (dismissing plaintiff's defamation claim because "nowhere in his [c]omplaint does [p]laintiff allege the approximate date of any statement that was allegedly made, who in particular made the statement and to whom, or any description whatsoever of the statements that were made"); *Petreykov v. Int'l Fidelity Ins. Co.*, No. 95-CV-1428, 1999 WL 1186807, at *2 (E.D.N.Y. Oct. 12, 1999) (dismissing plaintiffs' defamation claim where they made "only vague, general assertions and [did] not set forth the actual words of defamation"). Further, although employers may be vicariously liable for defamatory statements made by their employees, such liability may only be imposed where the defamatory statements were made in the course of performance of an employee's duties. *See Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1166 (E.D.N.Y. 2003); *Rausman v. Baugh*, 682 N.Y.S.2d 42, 43 (App. Div. 1998); *Seymour v. N.Y. State Elec. & Gas*, 627 N.Y.S.2d 466, 468 (App. Div. 1995). Cullen has not sufficiently pled facts plausibly demonstrating the alleged statements were made by Citibank employees in the course of performance of their duties. *Cf. Dorosz v. Green & Seifter*, 708 N.E.2d 162, 164 (N.Y. 1999) (holding that employee who suffered fatal

heart attack while bowling for a team sponsored by employer's client was not engaged in "work-related *duties*" (emphasis in original)); *Mack v. Kings Cnty. Hosp. Ctr.*, 839 N.Y.S.2d 277, 278 (App. Div. 2007) (holding that employee who sustained injury while playing basketball at employer's annual picnic was not injured in the course of employment).  The circumstances surrounding the parties to which Cullen refers are unspecified – specifically, this Court cannot ascertain whether they were officially sponsored by Citibank or otherwise affiliated with the company at all.  Because the sources, recipients, and timing of the statements have not been identified, and the statements cannot plausibly be attributed to Citibank, Cullen's defamation claim fails.  *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (affirming district court's dismissal of pro se plaintiff's defamation claim where plaintiff "fail[ed] to plead adequately the actual words spoken, publication or special damages" (internal quotation marks omitted).  Again, however, Cullen will be permitted to amend his complaint to further plead this claim.

### 3.  Cullen's Claim for Additional Pension Benefits

Cullen alleges that Citibank has unlawfully withheld certain pension benefits to which he is entitled.  (Am. Compl. 4-5.)  As Citibank notes in its Motion to Dismiss, its pension plan is governed by ERISA and contains a detailed claim and appeal procedure.[5]  (Def.'s Mem. 10.) Before filing suit in federal court, an employee must exhaust all administrative remedies available to him.  *See Greifenberger v. Hartford Life Ins. Co.*, No. 03-CV-3238, 2003 WL 22990093, at *4 (S.D.N.Y. Dec. 18, 2003) ("It is well settled that timely exhaustion of plan remedies is a prerequisite to suit in federal court and that, absent appropriate equitable

---

[5] The Court may properly consider the terms of the Citibank pension plan because the Amended Complaint incorporates the terms of the plan by reference.  *See supra* note 4.

considerations, court action is barred absent such exhaustion." (internal citation omitted)), *aff'd*,
131 F. App'x 756 (2d Cir. 2005); *Benaim v. HSBC Bank USA*, 94 F. Supp. 2d 518, 519
(S.D.N.Y. 2000) (dismissing plaintiff's claim where plaintiff failed to allege that he exhausted
his remedies under the pension plan), *aff'd*, 23 F. App'x 55 (2d Cir. 2001).  The Amended
Complaint contains no allegations, as it must, that Cullen exhausted the claim and appeal
procedure outlined in the Citibank pension plan.  *See Greifenberger*, 2003 WL 22990093, at *4
("If a plaintiff fails to allege that he or she has exhausted administrative remedies, the claim
must be dismissed."); *Benaim*, 94 F. Supp. 2d at 519 (noting that exhaustion of plan remedies is
a pleading requirement).  Additionally, Cullen has not alleged why exhaustion would be futile,
nor has he provided any other colorable excuse for not exhausting the claim and appeal process.
*See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 n.2 (2d Cir. 2001) ("Ignorance of a
claim procedure does not defeat the exhaustion requirement.").  Accordingly, Cullen's claim for
additional pension benefits under the Citibank pension plan is dismissed without prejudice.  *See*
*Benaim*, 94 F. Supp. 2d at 519 ("As plaintiff has failed to allege that he has exhausted his
remedies under the plan, this action must be dismissed.").

### 4.  Juliano's Negligence Claim

Juliano claims that Citibank negligently promoted her to the position of Trust Officer and
assigned her to administer numerous trusts that she did not have the proper training or
experience to handle, and that Cullen repeatedly warned his managers of her inexperience. (Am.
Compl. 5-6.)  Juliano's claim of negligence, however, is barred by New York's Workers'
Compensation Law.  "[I]t is well-accepted that the New York Workers' Compensation Law
provides an exclusive remedy for negligence actions by an employee against his/her employer
such that the Workers' Compensation law bars a claim of negligent hiring, retention, and

supervision." (internal citations and quotation marks omitted).  *Smith-Henze v. Edwin Gould Servs. for Children and Families*, No. 06-CV-3049, 2008 WL 4937555, at *5 (S.D.N.Y. Nov. 19, 2008) (internal quotation marks and ellipsis omitted); *see also Lauria v. Donahue*, 438 F. Supp. 2d 131, 141 (E.D.N.Y. 2006) ("The New York Workers' Compensation Law exclusive remedy doctrine bars an employee from bringing a negligence or gross negligence based claim against an employer and the employer's agent.").  This claim is, therefore, dismissed.

### 5. Juliano's Claim Six (Violation of Federal Banking Regulations)

It is unclear what cause of action is stated in "Claim Six" of Plaintiffs' Amended Complaint, but the Court construes the claim as alleging that Juliano suffered retaliation for attempting to report professional misconduct, in violation of SOX.  (Am. Compl. 7.)  As was the case for Cullen, Juliano does not allege that she complied with the requirement of filing an administrative complaint with the Secretary of Labor, thus depriving the Court of jurisdiction to consider this claim.  Accordingly, this cause of action is dismissed without prejudice.

### 6. Juliano's ADA Claim

Juliano claims that Citibank discriminated against her in violation of the ADA when senior officers refused to reduce her workload following an emergency medical episode, and again when her supervisor berated her for an extended period of time while aware of her fragile mental state.  (Am. Compl. 7-8.)  To state a claim of discrimination in violation of the ADA, a plaintiff "must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding to federal district court."  *Bethea v. Potter*, No. 08-CV-2789, 2009 WL 1726285, at *3 (S.D.N.Y. June 18, 2009) (internal quotation marks omitted); *see also* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's enforcement scheme requiring exhaustion of all administrative remedies into ADA); *Sotolongo v. N.Y.C. Transit Auth.*, 63 F.

Supp. 2d 353, 360 (S.D.N.Y. 1999) (noting that "under the ADA, as under Title VII, a plaintiff

must file a charge of discrimination with the EEOC prior to commencing an action for

employment discrimination in federal court"), *aff'd*, 216 F.3d 1073 (2d Cir. 2001).  Juliano has

not alleged compliance with the exhaustion requirements of the ADA; thus, it is dismissed

without prejudice.  *See Douglas v. Victor Capital Grp.*, 21 F. Supp. 2d 379, 389 (S.D.N.Y. 1998)

(dismissing ADA claim for failure to exhaust); *Bent v. Mount Sinai Med. Ctr.*, 882 F. Supp. 353,

355-56 (S.D.N.Y. 1995) (same).  Accordingly, this claim is dismissed without prejudice.[6]

### 7.  Juliano's Wrongful Termination Claim

Juliano's final claim alleges that Citibank terminated her employment unlawfully

because she was given no notice of termination, because she received no severance pay, and

because she was on paid disability leave when she was terminated.  (Am. Compl. at 8.)  This

claim fails to state a cause of action based on all three theories.  The basis for Juliano's claim

that she was legally entitled to 60 days notice before her employment was terminated is not at all

apparent in the pleadings, and therefore legally deficient under *Twombly*.  Additionally,

according to the facts on the face of the Amended Complaint, Juliano was not entitled to receive

severance pay because she had not suffered a "qualifying separation event" and she did not

execute the "Separation Agreement and Release" which is a precondition to the receipt of

---

[6] Because Juliano's ADA claim is dismissed on exhaustion grounds, the Court does not address whether Juliano otherwise has stated a claim under the ADA.  For example, there remain questions about whether Juliano has adequately pled that she suffered from a disability as that term is defined in the ADA.  *See Darcy v. Lippman*, No. 03-CV-6898, 2008 WL 629999, at *13 (S.D.N.Y. Mar. 10, 2008) (noting that to plead disability, a plaintiff must allege, inter alia, physical or mental impairment which substantially limits a major life activity).

severance benefits.  (Def.'s Mem. Ex. F, at 3-4.)[7]  Indeed, Juliano has not identified the source of

Citibank's duty to give her notice of termination or severance payments–be it a contract or

otherwise.  Finally, as noted above, the ADA cannot serve as a basis for Juliano's wrongful

termination claim because she did not file a charge of discrimination with the EEOC.  Therefore,

this claim is dismissed without prejudice.

---

[7] The Court may properly consider the Citibank pension plan documents for purposes of this Motion to Dismiss.  *See supra* note 4.

III. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss is granted.  Plaintiffs'

claims are dismissed without prejudice to allow Plaintiffs leave to amend their Amended

Complaint in accordance with this Order.[8]  Because Plaintiffs' federal claims are being

dismissed, to the extent that Cullen's claim alleging the invalidity of the Separation Agreement

states a claim for breach of contract, the Court declines to exercise jurisdiction pursuant to 28

U.S.C. § 1367.[9]  The Clerk of the Court is respectfully directed to terminate the pending motions

(08-CV-10317, Dkt. No. 25; 08-CV-10318, Dkt. Nos. 23, 27).

SO ORDERED.

DATED:      White Plains, New York
            September 30, 2010

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

---

[8] For similar reasons, Plaintiffs' Motion for Leave to Amend the Complaint is denied without prejudice to permit Plaintiffs to re-submit this motion in light of this Order.

[9] Cullen and Citibank executed a Separation Agreement (which was attached to the Amended Complaint and was therefore properly considered, *see supra* note 4) on January 18, 2008, which by its terms released Citibank from liability for any claims arising out of Cullen's employment.  Cullen alleges that this agreement was a product of duress.  Specifically, he claims that Citibank withheld certain pension projections, forms, and payments as leverage to obtain his signature to the Agreement.

17