USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN J. CULLEN and VERONICA JULIANO,

                        Plaintiffs,

-v-

CITIBANK, N.A.,

                        Defendant.

Case No. 08-CV-10317 (KMK)(GAY)
Case No. 08-CV-10318 (KMK)(GAY)

ORDER

KENNETH M. KARAS, District Judge:

On September 30, 2010, the Court issued an Order (the "September 30 Order") (Dkt. No. 35) dismissing Plaintiffs' Second Amended Complaint, and allowing Plaintiffs leave to amend only to the extent that they wished to correct specific deficiencies the Court identified in several of the claims. After being informed by counsel for Citibank, N.A. ("Defendant") of Plaintiffs' intention to file a Third Amended Complaint asserting new causes of action, the Court issued an Order dated May 16, 2011 (the "May 16 Order") (Dkt. No. 39) stating that Plaintiffs would not be granted leave to file a Third Amended Complaint without first informing the Court in writing of the scope of any proposed amendments. Plaintiffs then submitted a letter to the Court outlining the scope of the claims they planned to assert in their Third Amended Complaint. (Letter from John J. Cullen ("Cullen") to the Court (June 10, 2011) ("June 10, 2011 Letter").)

The Court found that the claims Plaintiffs raised in the June 10, 2011 Letter appeared to be substantially similar to the claims that Plaintiffs asserted in the Second Amended Complaint, and that Plaintiffs did not indicate in their letter how they intend to address the defects associated with those claims. In response to Plaintiff's letter, on June 22, 2011, the Court issued an Order to Show Cause (the "June 22 Order") (Dkt. No. 38), directing Plaintiffs to show cause as to why

leave to file a Third Amended Complaint should not be denied, and why the instant action should not be dismissed.

Plaintiffs have failed to properly respond to the June 22 Order. On July 11, 2011, the Court received a letter from Josephine Pereira, Esq., stating that she had been retained as counsel for Plaintiff Veronica Juliano ("Juliano"), and indicating that she would submit an answer to the June 22 Order on Juliano's behalf. (Letter from Josephine Pereira, Esq. ("Pereira") to the Court (July 11, 2011).) Subsequently, Ms. Pereira informed the Court that she had withdrawn as counsel for Juliano in this action, but that Juliano would be submitting an answer to the June 22 Order. (Letter from Pereira to the Court (August 17, 2011).) Ms. Pereira explained that Juliano was waiting for her doctor to finalize a medical report which she would attach to the submission, and that she expected the report to be ready by August 22, 2011. (*Id.*) Juliano followed up with a letter to the Court on August 19, 2011, informing the Court that she would be filing her submission during the week of August 22, 2011 and requesting the Court to postpone any judgment on the case until her doctor's report had been reviewed. (Letter from Juliano to the Court (August 19, 2011).) Several weeks have elapsed since Juliano's August 19, 2011 Letter and she has failed to submit her motion or any other documentation responding to the June 22 Order.

Nor has Plaintiff John J. Cullen ("Cullen") properly responded to the June 22 Order. On August 22, 2011 Cullen sent a letter to the Court (Letter from Cullen to the Court (Aug. 22, 2011) ("Aug. 22, 2011 Letter")) (Dkt. No. 41), requesting a status conference. Cullen wished to discuss Citibank's decision to remove the case from New York Small Claims Court to Federal Court, the withdrawal of Juliano's attorney, and issues relating to Citibank documents that are in dispute in another action filed in California, in which Cullen is named as a defendant. (Aug. 22,

2

2011 Letter.)[1] The August 22, 2011 Letter did not address the June 22 Order and did not discuss why the Court should refrain from dismissing the instant action.

Cullen made an additional submission to the Court on September 12, 2011, which he titled "Reply to Show Cause, Request Motion 'Not' to Dismiss, Request Motion to Tell Corcoran, Request Motion to Publish, Request Motion to File Third Amended Complaint, Motion to Investigate Blumenfeld." (Letter from Cullen to the Court (Sept. 12, 2011) ("Sept. 12, 2011 Letter").) In this submission, Cullen raises several claims which are substantially similar to those which the Court addressed in the September 30 Order, and he does not address the defects with those claims that the Court previously identified. He also makes several allegations similar to those in his June 10, 2011 Letter, which the Court previously decided were inadequate to permit leave to file a Third Amended Complaint. (*See* June 22 Order.) Cullen's claims include alleged Sarbanes Oxley violations and fraud by Defendant (Sept. 12, 2011 Letter, 1, 4, 5), allegations that Defendant removed Plaintiffs' claims to Federal Court to stop the Department of Labor from hearing those claims (*id.* at 2, 4), gross negligence on the part of Defendant for promoting Juliano to Trust Officer (*id.* at 4), retaliation against Cullen in response to his attempts to report wrongdoing by Defendant (*id.* at 5), and the withholding of certain pension benefits from Cullen, (*id.* at 5).

In his September 12 submission, Cullen also requests to file several motions, including: a motion "not" to dismiss (*id.* at 2); a motion to permit him to disclose to a former client that

---

[1] Mr. Cullen accused Defendant's lead counsel, Jeremy Blumenfeld, of being responsible for Ms. Pereira's withdrawal. (Aug. 22, 2011 Letter.) On August 31, 2011, the Court received a letter from Ms. Pereira clarifying the issue of her withdrawal as Juliano's counsel. (Letter from Pereira to the Court (Aug. 31, 2011).) She denied the allegations made by Cullen in his August 22, 2011 Letter and in various emails to her, and clarified that she withdrew "pursuant to the attorney rules of professional conduct." (*Id.*) According to Ms. Pereira, "the only person making endless accusations . . . and engaging in borderline harassment is Mr. Cullen." (*Id.*)

3

Defendant owes it $80,000,000 (*id.* at 3); a motion requesting that Plaintiffs be permitted to publish a book about their "experiences as whistle blowers" (*id.* at 4); and a motion to investigate and sanction Defendant's lead counsel in this action (*id.* at 6).[2] Plaintiff's additional allegations do not relate to any federal causes of action and it does not appear that the Court would have original jurisdiction over any of them.

The September 12, 2011 Letter states no new claims upon which relief could be granted and fails to address the defects with Plaintiffs' claims that the Court discussed in the September 30 Order. Furthermore, Plaintiff Juliano has not responded to the June 22 Order and Plaintiff Cullen's submission does not adequately address why the instant actions should not be dismissed. This Court has given Plaintiffs almost a year to address the defects with the claims in their Second Amended Complaint, which the Court identified in its September 30, 2010 Order. Plaintiffs have failed to correct these deficiencies or to raise any new claims upon which relief could be granted.

---

[2] Cullen has been personally attacking Jeremy Blumenfeld, Esq., Defendant's lead counsel in this action. As noted, the August 22, 2011 Letter accuses Mr. Blumenfeld of causing Ms. Pereira to withdraw as Juliano's counsel (Aug. 22, 2011 Letter), which Ms. Pereira has denied, (Letter from Pereira to the Court (Aug. 31, 2011).) In the September 12, 2011 Letter, Cullen accuses Mr. Blumenfeld and his law firm, Morgan, Lewis & Bockius, of using unspecified "questionable defense tactics" (September 12, 2011 Letter, 6), objecting to "Freedom of Religion and [using] Religion as a weapon to torment plaintiffs" (*id.*), lying to the Court (*id.* at 7), being on "Federal Probation" (id.), and several other acts of alleged misconduct. These allegations appear unfounded and without merit. Mr. Blumenfeld has also informed the Court that Cullen continues to send him harassing emails. (*See* Letter from Jeremy Blumenfeld, Esq. to the Court (Aug. 19, 2011).) Such conduct, if it is happening, has no place in this Court.

Accordingly, it is hereby ORDERED that judgment be entered for Defendant in each case and that both cases be closed.

SO ORDERED.

DATED: White Plains, New York
September 30, 2011

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE